BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: Auto Body Shop Antitrust Litigation          MDL Docket No. 2557

**MOTION OF DEFENDANT PROGRESSIVE HAWAII INSURANCE CORPORATION FOR TRANSFER OF ACTION TO THE MIDDLE DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED AND CONSOLIDATED PRETRIAL PROCEEDINGS WITH MDL No. 2557**

Pursuant to Rules 6.1 and 7.1(b)(i)[1] of the Rules of the Procedure of the Judicial Panel on Multidistrict Litigation, Progressive Hawaii Insurance Corporation ("Progressive") hereby moves the Judicial Panel on Multidistrict Litigation ("Panel" or "JPML") for an Order pursuant to 28 U.S.C. § 1407 ("Section 1407") transferring the matter *Price's Collision Center v. Progressive Hawaii Insurance Corp.*, No. 3:12-cv-00873 (M.D. Tenn.) ("*Price's*") to the United States District Court for the Middle District of Florida for consolidated or coordinated pretrial proceedings with MDL No. 2557. As set forth more fully in the accompanying memorandum, Progressive states as follow:

1. MDL No. 2557 consists of seven cases originally filed in various district courts. Progressive and/or its affiliates were named in six of those cases.

2. The original complaints in *Price's* were filed on July 27, 2012, and the most recent case management order was entered on December 18, 2013, although significant discovery obligations and pretrial proceedings remain.

3. *Price's* and MDL No. 2557 present common factual questions as required by Section 1407, including as to whether Progressive and its affiliates "steered" customers away from the various plaintiff repair shops in the various litigations,

---

[1] Progressive filed a Notice of Potential Tag-Along Action for the *Price's* matter on September 16, 2014.  (MDL 2557, Docket No. 217.)  On September 18, 2014, the Clerk of the Judicial Panel of Multidistrict Litigation notified counsel that it had determined *Price's* was not appropriate for inclusion in the MDL. (MDL No. 2557, Docket No. 218.)

and whether Progressive and its affiliates refused to fully pay the plaintiff repair shops for repairs and procedures necessary to return customers' vehicles to pre-loss condition.

4. Further, consolidation "will be for the convenience of parties and witnesses" of the actions, as required by Section 1407. For example, consolidating the cases will largely obviate the need for duplicative, costly, and time-consuming parallel discovery, including that relating to Tennessee, where *Price's* and one of the MDL cases[2] were originally venued.

5. In addition, consolidation will lead to consistent rulings and thus "promote the just and efficient conduct of the litigations" as required by Section 1407.

6. Progressive bases this Motion on the Memorandum in Support, the attached Schedule of Actions, and any such matters as may be presented to the Panel at the time of hearing.

WHEREFORE, Progressive respectfully requests that the Panel transfer the Scheduled Action to the Honorable Gregory A. Presnell, United States District Court Judge for the Middle District of Florida, for consolidated or coordinated pretrial proceedings as part of MDL No. 2557.

Dated: Atlanta, Georgia
October 3, 2014

                                            Respectfully submitted,
                                            **KING & SPALDING LLP**

                                By:    /s/ Jeffrey S. Cashdan
                                            Jeffrey S. Cashdan

---

[2] *Brewer Body Shop, LLC v. State Farm, et al.*, No. 6:14-cv-6002-Orl-31TBS (M.D. Fla.).

1180 Peachtree Street NE
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
jcashdan@kslaw.com

**Attorney for Defendant Progressive Hawaii Insurance Company**